IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MICHAEL PINCHBACK, #2246753,** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| V. | § | **CASE NO. 3:19-CV-1549-S-BK** |
| | § | |
| **CONROE POLICE DEPARTMENT,** | § | |
| **DEFENDANT.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this civil action was referred to the United States magistrate judge for case management, including findings and a recommended disposition. Plaintiff Michael Pinchback, a Texas state inmate, filed a *pro se* civil rights complaint against the Conroe Police Department. Doc. 3. Upon review of the relevant pleadings and applicable law, this case should be **DISMISSED** as barred by three strikes.

**I.   ANALYSIS**

The "three-strike" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court that were dismissed as frivolous or malicious, or for failing to state a claim. *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007); *Brown v. Meg*, 857 F.3d 287, 290-91 (5th Cir. 2017) (holding "that a strike issues only when the entire case is dismissed for being frivolous, malicious, or failing to state a claim"). Section 1915(g) "comports with the PLRA's effort 'to filter out the bad claims filed by prisoners and facilitate consideration of the good.'" *Brown*, 857 F.3d at 291 (quoting *Coleman v. Tollefson*, --- U.S. ---, 135 S. Ct. 1759 (2015)).

Pinchback has accrued three strikes under section 1915(g).  Before this lawsuit was filed, district courts in Texas dismissed as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e) three non-habeas, civil actions that Pinchback filed while confined as a TDCJ inmate.[1] *See Pinchback v. Purvis*, 4:06-CV-2386 (S.D. Tex. July 21, 2006); *Pinchback v. Gage*, 4:06-CV-2196 (S.D. Tex. July 28, 2006); *Pinchback v. Aramark*, 4:06-CV-3860 (S.D. Tex. Dec. 8, 2006).  Moreover, at least one court in Texas has already held that Pinchback is barred from filing civil lawsuits by the PLRA three-strike provision.  *See Pinchback v. Valdez*, 1:13-CV-562 (E.D. Tex. Nov. 15, 2013) (dismissing without prejudice under Section 1915(g)).

Having accumulated three "strikes," section 1915(g) precludes Pinchback from proceeding in this action *in forma pauperis* unless he alleges that he is in "imminent danger of serious physical injury" at the time of filing the complaint.  *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam).  Here, he complains about an alleged sexual advance by a police officer following his December 18, 2018 arrest.  Doc. 3 at 4.  Even when liberally construed, the complaint is wholly devoid of any allegation of imminent danger of serious physical injury.  Pinchback, thus, is barred from proceeding *in forma pauperis* under section 1915(g).

## II. CONCLUSION

Accordingly, insofar as Plaintiff seeks leave to proceed *in forma pauperis*, this action should be **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g).  Such dismissal is with prejudice to the refiling of an *in forma pauperis* lawsuit raising the same claims

---

[1] Pinchback concedes he was previously confined under TDCJ #605627.  Doc. 3 at 4.

as herein presented, but without prejudice to the refiling of this lawsuit with full payment of the $400.00 filing fee for a civil action (which includes a $50.00 administrative fee).

**SO RECOMMENDED** on June 28, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).